```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA    :

                             :

    v.                          : Criminal Case No. DKC 03-194-5

                             :

FRANK DAMON SNYDER

                             :

**MEMORANDUM OPINION**

Frank Damon Snyder is currently serving concurrent 262-month sentences for his convictions for conspiracy to distribute and possess with intent to distribute 5 kilos or more of cocaine, 50 grams or more of cocaine base, and 1 kilo or more of PCP (count one) and possession with intent to distribute 5 kilos or more of cocaine (count eleven).  Ten years of supervised release is to follow.  He seeks a reduction to 240 months imprisonment pursuant to Section 404 of the First Step Act.  He asserts that such a reduction would make him eligible immediately for halfway house placement or home confinement.  (ECF No. 396).  The Government opposes the request.  (ECF No. 403).  Mr. Snyder filed a reply.  (ECF No. 405).  For the following reasons, the motion will be denied.

Mr. Snyder was sentenced initially on October 16, 2006, for conduct occurring before June 2003.  The Fair Sentencing Act of 2010 was signed into law on August 3, 2010.  It did not apply to those sentenced before its effective date.  The First Step Act was

adopted in 2018, and provides that, notwithstanding *Dorsey v. United States,* 567 U.S. 260 (2102), certain persons may seek a retroactively reduced sentence.  Section 404(b) provides: "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."  Section 404(a) defines a "covered offense" as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act that was committed before August 3, 2010.  There are limitations, however, outlined in Section 404(c):

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.

Section 2 of the Fair Sentencing Act altered the quantity threshold for the mandatory minimums in 21 U.S.C. § 841, and Section 3 eliminated the mandatory minimum for simple possession.  In *United States v. Wirsing*, 943 F.3d 175, 185-86 (4th Cir. 2019), the United States Court of Appeals for the Fourth Circuit concluded that a person is eligible if he was sentenced under 21 U.S.C. § 841(a) and (b)(1)(A)(iii) or (B)(iii).  In *United States v. Gravatt*, 953 F.3d 258, 262-64 (4th Cir. 2020), the Fourth Circuit held that a defendant remains eligible under the Act even if the

conspiracy for which he was convicted encompassed distribution of both cocaine powder and crack cocaine.

The motion recites that Mr. Snyder has served 16 ½ years. He has a fiancé, adult children, 18 grandchildren, and has a concrete plan to participate in re-entry and vocational training. He has maintained close ties to family. While incarcerated, he has made productive use of his time, earning a GED and taking a steady stream of courses, including computer usage, commercial driver's license, typing, Spanish, beginning aerobics and beginning abdominals, carpentry, American history, janitorial services, business etiquette, introduction to Lexis Nexis, ACE typing, From Prison to Paycheck, Basic Job Interview Prep, creative writing, marketing with social media, Microsoft word, excel, and powerpoint, anger management, celtic legends, Paleoworld, and Power of Intention. He has worked in the kitchen, in food service, and for UNICOR, fostering his love of cooking, and received positive work evaluations.

He also argues that the 20-year sentence is sufficient to act as a deterrent and more appropriately approximates the sentence he would receive for a similar offense today, particularly in light of the different practices, and legal standards, for invocation of § 851 enhancements.

The Government, in opposing Defendant's motion, focuses on the offense conduct, argues that he is not eligible for

consideration, and moreover, not deserving of reduction. As recognized by the Government, its position on eligibility has been rejected by the Fourth Circuit, *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020). The Government argues that the current 262-month sentence is at the bottom of the applicable guideline range, the § 851 enhancement still applies, and the § 3553(a) factors do not support reduction. It points to his criminal history, prior probationary failures, disciplinary history in the BOP, lack of deterrence by prior sentences, and his instrumental role in the drug trafficking conspiracy.

Mr. Snyder's sentence has been revisited several times since its initial imposition in 2006. On direct appeal, the convictions were affirmed, but the sentence vacated and the case was remanded for resentencing in light of *United States v. Booker,* 543 U.S. 220 (2005). In October 2006, the same sentences were reimposed. (ECF No. 246). Mr. Snyder appealed again, and this time the case was remanded for another resentencing, pursuant to *Kimbrough v. United States,* 552 U.S. 85 (2007). (ECF No. 276, 277). This remand took place just before this court implemented electronic filing via CM/ECF, and the undersigned received no notice of the remand order at the time, so no resentencing occurred. Then, in 2009, the sentences were reduced to 324 months, concurrent, due to Amendment 706 (reduction in crack/powder disparity) to the Guidelines. (ECF No. 293). After Mr. Snyder alerted the court to the need for the

4

*Kimbrough* resentencing, he was resentenced to 300 months, concurrent, on April 30, 2012.  (ECF No. 311.)  Finally, on June 21, 2017, the sentences were reduced to 262 months, concurrent, as a result of Amendment 782 (all drug sentences reductions) to the Guidelines.  (ECF No. 375).

At the time of the *Kimbrough* resentencing in 2012, Mr. Snyder had been incarcerated for more than eight years, and had been in the BOP for some time.  Defense counsel raised the issue of post-sentence rehabilitation.  She noted that he had received his GED, had a favorable evaluation from the cook supervisor at McKean County, and had done cable work in UNICOR.  Counsel advocated for a 20-year sentence, arguing that it provided deterrence and reflected the seriousness of the conduct.  The Government emphasized the nature and extent of the criminal conduct, and Mr. Snyder's prior criminal history, and argued for reimposing the same 324-month sentence.  The court remarked that:

> Mr. Snyder, it seems, did very quickly upon reaching the Bureau of Prisons determine that his own conduct needed evaluation and he became, with a few 'blips' I think I called it the last time along the way, a[n] industrious person, taking advantage of programs, working in fashions that he could, getting his G.E.D., and doing what we hope everyone does, which is to take advantage of what is available in a rehabilitative sense within the Bureau of Prisons.

At that time, the court reduced the sentence to 25 years, concluding that the magnitude of the offense still justified that

5

length of imprisonment, in spite of the post-sentence rehabilitation.

Since then, the sentence has been reduced further due to another guideline amendment. Mr. Snyder has continued to take courses, including an important one in anger management. He has also incurred other disciplinary infractions, for being insolent to staff, fighting, and possessing a hazardous tool.

Under the circumstances, the court declines to reduce Mr. Snyder's sentence further. The initial 30-year sentence has been reduced to just under 22, reflecting the changes in sentencing jurisprudence over the years. At the time of the *Kimbrough* resentencing, the court could have reduced the sentence to the 20-year statutory minimum being sought here. In declining to do so, the court concluded that the magnitude of the criminal conduct was a significant counter-balance to the post-sentence rehabilitation demonstrated by Mr. Snyder at the time. He has received a further reduction since then, to a sentence at the low end of the guideline range. And, while he has continued to take courses, he has also incurred serious disciplinary infractions. The current sentence serves the purposes of sentencing, reflecting a balance of the § 3553(a) factors. Accordingly, the motion will be denied. A separate order will follow.

                                      /s/
                              DEBORAH K. CHASANOW
                              United States District Judge